Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone: (916) 443-6911
Facsimile: (916) 447-8336
E-Mail: mark@markmerin.com
paul@markmerin.com

Attorneys for Plaintiff
SHAWN SMITH

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| SHAWN SMITH,<br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 5,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

This action arises from the February 25, 2026, use of excessive force against SHAWN SMITH caused by a police canine deployed by deputy sheriffs employed by the COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and sheriff JIM COOPER.

## JURISDICTION & VENUE

1. This Court has original jurisdiction of the federal claims under 28 U.S.C. § 1331 (in that they arise under the United States Constitution) and § 1343(a)(3) (in that the action is brought to address deprivations, under color of state authority, of rights, privileges, and immunities secured by the United States Constitution). This Court has supplemental jurisdiction of the state claims under 28 U.S.C. § 1367.

2. This Court is the proper venue under 28 U.S.C. § 1391(b) because Defendants are located in the Eastern District of California and because many of the acts and/or omissions described herein

occurred in the Eastern District of California.

3. The Sacramento Division is the proper intradistrict venue under Local Rule 120(d) because the claims asserted herein arise from acts and/or omissions which occurred in the County of Sacramento, California.

**EXHAUSTION**

4. On March 10, 2026, SHAWN SMITH submitted a timely and substantially compliant government claim to the COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT relating to the claims alleged in this case. (Claim No. L2600233.)

5. On May 22, 2026, the COUNTY OF SACRAMENTO mailed a notice of rejection of claim.

6. By April 24, 2026, the SACRAMENTO COUNTY SHERIFF'S DEPARTMENT failed or refused to act on the claim.

**PARTIES**

7. Plaintiff SHAWN SMITH is a resident of the State of California, County of Sacramento.

8. Defendant COUNTY OF SACRAMENTO is located in the State of California. Defendant COUNTY OF SACRAMENTO is a "public entity," pursuant to California Government Code § 811.2.

9. Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT is located in the State of California, County of Sacramento. Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT is a "public entity," pursuant to California Government Code § 811.2.

10. Defendants DOE 1 to 5 are and/or were agents or employees of Defendants COUNTY OF SACRAMENTO and/or SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, acting within the scope of agency or employment and under color of state law. Defendants DOE 1 to 5 are sued by their fictitious names and their true and correct names and identities will be substituted when ascertained.

**GENERAL ALLEGATIONS**

11. At all times relevant herein, all wrongful acts described were performed under color of state law and/or in concert with or on behalf of those acting under the color of state law.

12. On February 25, 2026, in the evening, Plaintiff SHAWN SMITH was in the vicinity of the AMPM station located at 3140 Elkhorn Boulevard, North Highlands, CA 95660.

13. Plaintiff SHAWN SMITH was sitting outside of the AMPM station when he observed a SACRAMENTO COUNTY SHERIFF'S DEPARTMENT patrol vehicle.

14. Plaintiff SHAWN SMITH became uncomfortable and fearful of the law enforcement presence.

15. Plaintiff SHAWN SMITH ran away from the direction of the patrol vehicle.

16. Plaintiff SHAWN SMITH was chased by law enforcement officers as he ran away.

17. The chasing law enforcement officers said, "Stop! You piece of shit!"

18. Plaintiff SHAWN SMITH said, "Why are you chasing me? I didn't do anything wrong."

19. Plaintiff SHAWN SMITH jumped over a fence and hid by lying in a creek bed.

20. Plaintiff SHAWN SMITH heard a helicopter overhead while he remained lying in the creek bed.

21. About 45 minutes after running away, Defendants DOE 1 to 2 sicced a police canine on Plaintiff SHAWN SMITH while he was lying in the creek bed.

22. Plaintiff SHAWN SMITH was attacked by a police canine without warning.

23. Defendants DOE 1 to 2 failed to utilize appropriate policies, training, standards, and procedures, including in violation of California Peace Officer Standards and Training (POST) Learning Domain 15 (Laws of Arrest), Learning Domain 16 (Search and Seizure), Learning Domain 33 (Arrest Methods/Defensive Tactics); and Sacramento County Sheriff's Department Policy 311 (Search and Seizure).

24. Plaintiff SHAWN SMITH's upper left arm was mauled by the police canine.

25. Plaintiff SHAWN SMITH was continuously mauled and bitten by the police canine for about 4-to-5 minutes.

26. Plaintiff SHAWN SMITH was yelling and screaming in pain, as the police canine mauled him.

27. Defendants DOE 1 to 2 permitted the police canine to continue mauling Plaintiff SHAWN SMITH, without justification, for several minutes.

28. Defendants DOE 1 to 2 demanded Plaintiff SHAWN SMITH raise his arms, while the police canine was biting down onto Plaintiff SHAWN SMITH's arm.

29. Plaintiff SHAWN SMITH said, “I can’t! Your dog is on my arm! I surrender!”

30. Eventually, Defendants DOE 1 to 2 removed the police canine from mauling Plaintiff SHAWN SMITH.

31. Defendants DOE 1 to 2 failed to utilize appropriate policies, training, standards, and procedures, including in violation of California Peace Officer Standards and Training (POST) Learning Domain 20 (Use of Force/Deescalation), Learning Domain 33 (Arrest Methods/Defensive Tactics); and Sacramento County Sheriff’s Department Policy 300 (Use of Force), Policy 309 (Canines), Operations Order – Canine Enforcement Detail Deployment Guidelines.

32. Plaintiff SHAWN SMITH was handcuffed.

33. Defendants DOE 1 to 2 cut-off Plaintiff SHAWN SMITH’s clothes, including his top and pants, leaving him in his underwear while standing before about 15 officers.

34. Defendants DOE 1 to 2 threw away Plaintiff SHAWN SMITH’s clothes in a nearby dumpster.

35. Plaintiff SHAWN SMITH transported to Mercy San Juan Medical Center.

36. At the hospital, Plaintiff SHAWN SMITH was made to several hours hours before he received emergency treatment for his bite injuries, including multiple sutures to his injured arm.

37. Plaintiff SHAWN SMITH was transported to Sacramento County Main Jail where he was booked and housed.

38. In jail, Plaintiff SHAWN SMITH suffered and received unreasonable medical care. For example, Defendants DOE 3 to 5’s mistreated Plaintiff SHAWN SMITH’s injured arm by tearing sutures, improperly packing and bandaging the wound site, and ignoring or disregarding the infected the injury.

39. Defendants DOE 3 to 5 failed to utilize appropriate policies, training, standards, and procedures, including in violation of California Commission on Peace Officer Standards and Training (POST) Learning Domain 31 (Custody), Learning Domain 34 (First Aid, CPR, and AED); and Sacramento County Sheriff’s Department Custody Procedure Manual Procedure 702 (Non-Emergency Health Care Requests and Services), Procedure 704 (Emergency Health Care Services).

40. On February 26, 2026, Plaintiff SHAWN SMITH was bailed out of the jail.

41. Plaintiff SHAWN SMITH went to Kaiser Permanente Medical Center where he was admitted, diagnosed with sepsis, underwent multiple surgeries, and received sutures to his arm. Plaintiff SHAWN SMITH was hospitalized for about 15 days and, thereafter, was under home health care for about 60 days.

42. Plaintiff SHAWN SMITH continues to suffer from limited use of his injured arm.

## FIRST CLAIM

### False Arrest

### (U.S. Const. Amend IV; 42 U.S.C. § 1983)

43. Plaintiff SHAWN SMITH asserts this Claim against Defendants DOE 1 to 2.

44. Plaintiff SHAWN SMITH realleges and incorporates the allegations of the preceding paragraphs 1 to 42, to the extent relevant, as if fully set forth in this Claim.

45. *Individual Liability*: Defendants DOE 1 to 2 falsely detained and arrested Plaintiff SHAWN SMITH, without a warrant and without probable cause, in violation of the Fourth Amendment to the United States Constitution.

46. Defendants DOE 1 to 2's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to rights, or were wantonly or oppressively done.

47. Plaintiff SHAWN SMITH was injured as a direct and proximate result of Defendants DOE 1 to 2's actions and inactions, entitling him to receive compensatory damages against Defendants DOE 1 to 2; and punitive damages against Defendants DOE 1 to 2.

WHEREFORE, Plaintiff SHAWN SMITH prays for relief as hereunder appears.

## SECOND CLAIM

### Excessive Force

### (U.S. Const. Amend. IV; 42 U.S.C. § 1983)

48. Plaintiff SHAWN SMITH asserts this Claim against Defendants DOE 1 to 2.

49. Plaintiff SHAWN SMITH realleges and incorporates the allegations of the preceding paragraphs 1 to 42, to the extent relevant and as if fully set forth in this Claim.

50. *Individual Liability*: Defendants DOE 1 to 2 used unreasonable and excessive force against Plaintiff SHAWN SMITH, including by deploying and failing timely to release a police canine,

in violation of the Fourth Amendment to the United States Constitution.

51. Defendants DOE 1 to 2's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to rights, or were wantonly or oppressively done.

52. Plaintiff SHAWN SMITH was injured as a direct and proximate result of Defendants DOE 1 to 2's actions and inactions, entitling him to receive compensatory damages against Defendants DOE 1 to 2; and punitive damages against Defendants DOE 1 to 2.

WHEREFORE, Plaintiff SHAWN SMITH prays for relief as hereunder appears.

**THIRD CLAIM**

**Unreasonable Post-Arrest Medical Care**

**(U.S. Const. Amend. IV; 42 U.S.C. § 1983)**

53. Plaintiff SHAWN SMITH asserts this Claim against Defendants DOE 3 to 5.

54. Plaintiff SHAWN SMITH realleges and incorporates the allegations of the preceding paragraphs 1 to 42, to the extent relevant and as if fully set forth in this Claim.

55. *Individual Liability*: Defendants DOE 3 to 5 failed to provide Plaintiff SHAWN SMITH with objectively reasonable medical care following arrest, including where Plaintiff SHAWN SMITH's injuries worsened and deteriorated but he was denied access to adequate medical care, in violation of the Fourth Amendment to the United States Constitution.

56. Defendants DOE 3 to 5's actions were motivated by evil motive or intent, involved reckless or callous indifference, or was wantonly or oppressively done.

57. Plaintiff SHAWN SMITH was injured as a direct and proximate result of Defendants DOE 3 to 5's actions, entitling him to receive compensatory damages against Defendants DOE 3 to 5; and punitive damages against Defendants DOE 3 to 5.

WHEREFORE, Plaintiff SHAWN SMITH prays for relief as hereunder appears.

**FOURTH CLAIM**

**False Arrest**

**(Cal. Const. Art. I § 13)**

58. Plaintiff SHAWN SMITH asserts this Claim against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 2.

59. Plaintiff SHAWN SMITH realleges and incorporates the allegations of the preceding paragraphs 1 to 42, to the extent relevant, as if fully set forth in this Claim.

60. *Individual Liability*: Defendants DOE 1 to 2 falsely detained and arrested Plaintiff SHAWN SMITH, without a warrant and without probable cause, in violation of the Fourth Amendment to the United States Constitution.

61. *Vicarious Liability*: Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to California Government Code § 815.2(a), for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants DOE 1 to 2.

62. Defendants DOE 1 to 2's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

63. Plaintiff SHAWN SMITH was injured as a direct and proximate result of Defendants DOE 1 to 2's actions and inactions, entitling him to receive compensatory damages against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 2; and punitive damages against Defendants DOE 1 to 2.

WHEREFORE, Plaintiff SHAWN SMITH prays for relief as hereunder appears.

## FIFTH CLAIM

**Excessive Force**

**(Cal. Const. Art. I § 13)**

64. Plaintiff SHAWN SMITH asserts this Claim against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 2.

65. Plaintiff SHAWN SMITH realleges and incorporates the allegations of the preceding paragraphs 1 to 42, to the extent relevant and as if fully set forth in this Claim.

66. *Individual Liability*: Defendants DOE 1 to 2 used unreasonable and excessive force against Plaintiff SHAWN SMITH, including by deploying and failing timely to release a police canine, in violation of Article I § 13 of the California Constitution.

67. *Vicarious Liability*: Defendants COUNTY OF SACRAMENTO and SACRAMENTO

COUNTY SHERIFF'S DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to California Government Code § 815.2(a), for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants DOE 1 to 2.

68. Defendants DOE 1 to 2's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

69. Plaintiff SHAWN SMITH was injured as a direct and proximate result of Defendants DOE 1 to 2's actions and inactions, entitling him to receive compensatory damages against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 2; and punitive damages against Defendants DOE 1 to 2.

WHEREFORE, Plaintiff SHAWN SMITH prays for relief as hereunder appears.

## SIXTH CLAIM

### Unreasonable Post-Arrest Medical Care

### (Cal. Const. Art. I § 13)

70. Plaintiff SHAWN SMITH asserts this Claim against Defendants DOE 3 to 5.

71. Plaintiff SHAWN SMITH realleges and incorporates the allegations of the preceding paragraphs 1 to 42, to the extent relevant and as if fully set forth in this Claim.

72. *Individual Liability*: Defendants DOE 3 to 5 failed to provide Plaintiff SHAWN SMITH with objectively reasonable medical care following arrest, including where Plaintiff SHAWN SMITH's injuries worsened and deteriorated but he was denied access to adequate medical care, in violation of Article I § 13 of the California Constitution.

73. *Vicarious Liability*: Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to California Government Code § 815.2(a), for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants DOE 3 to 5.

74. Defendants DOE 3 to 5's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

75. Plaintiff SHAWN SMITH was injured as a direct and proximate result of Defendants DOE 3 to 5's actions and inactions, entitling him to receive compensatory damages against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 3 to 5; and punitive damages against Defendants DOE 3 to 5.

WHEREFORE, Plaintiff SHAWN SMITH prays for relief as hereunder appears.

**SEVENTH CLAIM**

**Liability for Dog Bite**

**(Cal. Civ. Code § 3342)**

76. Plaintiff SHAWN SMITH asserts this Claim against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 2.

77. Plaintiff SHAWN SMITH realleges and incorporates the allegations of the preceding paragraphs 1 to 42, to the extent relevant and as if fully set forth in this Claim.

78. *Strict Liability*: Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 2 are liable as owners of the canine that bit Plaintiff SHAWN SMITH, in violation of California Civil Code § 3342.

79. Defendants DOE 1 to 2's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

80. Plaintiff SHAWN SMITH was injured as a direct and proximate result of Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 2's actions and inactions, entitling him to receive compensatory damages against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 2; and punitive damages against Defendants DOE 1 to 2.

WHEREFORE, Plaintiff SHAWN SMITH prays for relief as hereunder appears.

**EIGHTH CLAIM**

**Tom Bane Civil Rights Act**

**(Cal. Civ. Code § 52.1)**

81. Plaintiff SHAWN SMITH asserts this Claim against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 5.

82. Plaintiff SHAWN SMITH realleges and incorporates the allegations of the preceding paragraphs 1 to 42, to the extent relevant and as if fully set forth in this Claim.

False Arrest

83. *Individual Liability*: Defendants DOE 1 to 2 falsely detained and arrested Plaintiff SHAWN SMITH, without a warrant and without probable cause, with specific intent (deliberate indifference or reckless disregard) and in violation of the Fourth Amendment to the United States Constitution and Article I § 13 of the California Constitution.

Excessive Force

84. *Individual Liability*: Defendants DOE 1 to 2 used unreasonable and excessive force against Plaintiff SHAWN SMITH, including by deploying and failing timely to release a police canine, with specific intent (deliberate indifference or reckless disregard) and in violation of the Fourth Amendment to the United States Constitution and Article I § 13 of the California Constitution.

Unreasonable Post-Arrest Medical Care

85. *Individual Liability*: Defendants DOE 3 to 5 failed to provide Plaintiff SHAWN SMITH with objectively reasonable medical care following arrest, including where Plaintiff SHAWN SMITH's injuries worsened and deteriorated but he was denied access to adequate medical care, with specific intent (deliberate indifference or reckless disregard) and in violation of the Fourth Amendment to the United States Constitution and Article I § 13 of the California Constitution.

Liability for Dog Bite

86. *Strict Liability*: Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 2 are liable as owners of the canine that bit Plaintiff SHAWN SMITH, with specific intent (deliberate indifference or reckless disregard) and in violation of California Civil Code § 3342.

(Allegations Common to All Theories)

87. *Vicarious Liability*: Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to California Government Code § 815.2(a), for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants DOE 1 to

5.

88. Defendants DOE 1 to 5's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

89. Plaintiff SHAWN SMITH was injured as a direct and proximate result of Defendants DOE 1 to 5's actions and inactions, entitling him to receive compensatory and treble damages and civil penalties against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 5; and punitive damages against Defendants DOE 1 to 5.

WHEREFORE, Plaintiff SHAWN SMITH prays for relief as hereunder appears.

**<u>NINTH CLAIM</u>**

**Assault / Battery**

90. Plaintiff SHAWN SMITH asserts this Claim against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 2.

91. Plaintiff SHAWN SMITH realleges and incorporates the allegations of the preceding paragraphs 1 to 42, to the extent relevant and as if fully set forth in this Claim.

92. *Individual Liability*: Defendants DOE 1 to 2 used unreasonable and excessive force against Plaintiff SHAWN SMITH, including by deploying and failing timely to release a police canine.

93. *Vicarious Liability*: Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to California Government Code § 815.2(a), for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants DOE 1 to 2.

94. Defendants DOE 1 to 2's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

95. Plaintiff SHAWN SMITH was injured as a direct and proximate result of Defendants DOE 1 to 2's actions and inactions, entitling him to receive compensatory damages against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 2; and punitive damages against Defendants DOE 1 to 2.

WHEREFORE, Plaintiff SHAWN SMITH prays for relief as hereunder appears.

**<u>TENTH CLAIM</u>**

**Negligence**

96. Plaintiff SHAWN SMITH asserts this Claim against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 5.

97. Plaintiff SHAWN SMITH realleges and incorporates the allegations of the preceding paragraphs 1 to 42, to the extent relevant and as if fully set forth in this Claim.

98. *Individual Liability*: Defendants DOE 1 to 2 falsely detained and arrested Plaintiff SHAWN SMITH, without a warrant and without probable cause; and/or used unreasonable and excessive force against Plaintiff SHAWN SMITH, including by deploying and failing timely to release a police canine.

99. *Individual Liability*: Defendants DOE 3 to 5 failed to provide Plaintiff SHAWN SMITH with objectively reasonable medical care following arrest, including where Plaintiff SHAWN SMITH's injuries worsened and deteriorated but he was denied access to adequate medical care

100. *Vicarious Liability*: Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to California Government Code § 815.2(a), for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants DOE 1 to 5.

101. Defendants DOE 1 to 5's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

102. Plaintiff SHAWN SMITH was injured as a direct and proximate result of Defendants DOE 1 to 5's actions and inactions, entitling him to receive compensatory damages against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 5; and punitive damages against Defendants DOE 1 to 5.

WHEREFORE, Plaintiff SHAWN SMITH prays for relief as hereunder appears.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff SHAWN SMITH seeks Judgment as follows:

1. For an award of compensatory, general, special, and nominal damages (including under

federal and state law) against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 5;

2. For an award of exemplary/punitive damages against Defendants DOE 1 to 5, in an amount sufficient to deter and to make an example of them, because their actions and/or inactions, as alleged, were motivated by evil motive or intent, involved reckless or callous indifference to constitutionally and statutorily protected rights, or were wantonly or oppressively done, and/or constituted oppression and/or malice resulting in great harm;

3. For an award of actual damages, treble damages, punitive damages, civil penalties, and any other available relief against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 5, pursuant to California Civil Code §§ 52, 52.1, and any other statute as may be applicable (except that no punitive damages are sought against Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, pursuant to California Civil Code § 818);

4. For an award of reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988, California Civil Code § 52.1, California Code of Civil Procedure § 1021.5, and any other statute or law, as may be applicable;

5. For interest; and

6. For an award of any other further relief, as the Court deems fair, just, and equitable.

Dated: November 18, 2026

Respectfully Submitted,

By: ______________________________

Mark E. Merin
Paul H. Masuhara
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone: (916) 443-6911
Facsimile: (916) 447-8336

Attorneys for Plaintiff
SHAWN SMITH

**JURY TRIAL DEMAND**

A JURY TRIAL IS DEMANDED on behalf of Plaintiff SHAWN SMITH.

Dated: November 18, 2026

Respectfully Submitted,

By: ________________________________

Mark E. Merin
Paul H. Masuhara
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone: (916) 443-6911
Facsimile: (916) 447-8336

Attorneys for Plaintiff
SHAWN SMITH